UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Marlene Fearing, M.A. Fearing
Companies, Inc., M.A. Fearing, Inc.,
and Progressive Real Estate, Inc.,

      Plaintiffs,

v.                                                    Civ. No. 04-5127 (JNE/SRN)
                                                     ORDER

City of Lake St. Croix Beach, and Mary
Parr, Robert ("Bob") Swenson, and
Linda O'Donnell personally and as
employees/agents of City of Lake St.
Croix,

      Defendants.

By Order dated March 17, 2006, the Court dismissed with prejudice the Amended Complaint insofar as it alleged claims under 42 U.S.C. § 1983 (2000). The Court dismissed without prejudice the state-law claims. The Clerk of Court entered judgment in accordance with the Order on March 30, 2006. More than five months later, on September 7, 2006, Mary Parr and Robert Swenson, in their individual capacities, filed a Motion for Sanctions and Attorney Fees. The motion seeks attorney fees in the amount of $11,418.00 and costs in the amount of $58.73 from M.A. Fearing Companies, Inc., M.A. Fearing, Inc., Progressive Real Estate, Inc., and their attorney, Jesse Gant, III. Gant responded to Parr and Swenson's motion on September 13, 2006. Gant contends that Parr and Swenson's motion should be denied and that the Court should impose sanctions on Parr, Swenson, and their attorney, Jon Erik Kingstad.

*Parr and Swenson's motion*

Parr and Swenson rely on 42 U.S.C. § 1988 (2000), 28 U.S.C. § 1927 (2000), and Local Rules 1.3 and 83.7 in support of their motion. The Court addresses each in turn.

1

Section 1988 provides that a court may, "in its discretion," award to the prevailing party in an action under section 1983 reasonable attorney fees as part of the costs. 42 U.S.C. § 1988(b). With an exception not relevant here, in this District, a party seeking an award of fees must either (1) serve and file an itemized motion for the award of fees within thirty days of the entry of judgment or (2) serve and file a notice of intent to claim an award of attorney fees within fifteen days of the entry of judgment. D. Minn. LR 54.3(b)(1)-(2); *see Reyher v. Champion Int'l Corp.*, 975 F.2d 483, 489 (8th Cir. 1992) (urging district courts to adopt rules to ensure that motions for attorney fees are made within a reasonable time after entry of judgment); *Obin v. Dist. No. 9 of the Int'l Ass'n of Machinists & Aerospace Workers*, 651 F.2d 574, 583-84 (8th Cir. 1981) (admonishing district courts to promptly hear and decide motions for attorney fees to avoid fragmented appeals); *cf. Leftwich v. Harris-Stowe State Coll.*, 702 F.2d 686, 694-95 (8th Cir. 1983) (holding district court did not abuse its discretion by denying defendants' motion to reconsider fee award where defendants failed to comply with deadline to respond imposed by local rules). For good cause shown, the Court may excuse a party's failure to comply with the foregoing requirements. D. Minn. LR 54.3(b)(3). In this case, Parr and Swenson filed their motion for fees more than five months after the entry of judgment. They have not attempted to demonstrate good cause to excuse their failure to comply with the requirements of Local Rule 54.3(b), and the Court discerns none. The Court therefore denies Parr and Swenson's motion insofar as it seeks an award of attorney fees under section 1988.

Turning to section 1927, it provides that "[a]n attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. As to the costs sought by Parr and Swenson, they are described as

"[f]axes and copies." The costs available under section 1927 are limited to those set forth in 28 U.S.C. § 1920 (2000). *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 759-60 (1980); *Obin*, 651 F.2d at 580. Costs for faxes are not taxable under section 1920. *See Pinkham v. Camex, Inc.*, 84 F.3d 292, 294 (8th Cir. 1996). Costs for "exemplification and copies of papers necessarily obtained for use in the case" are, however, taxable. 28 U.S.C. § 1920(4). Here, Parr and Swenson do not sufficiently describe the costs that they incurred for copies. Consequently, the Court is unable to determine whether the costs fall within section 1920(4) such that they could be awarded under section 1927. *See Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 763-64 (8th Cir. 2006) (affirming refusal to award copying costs that were described insufficiently). Accordingly, the Court denies Parr and Swenson's motion insofar as they seek to recover costs from Gant under section 1927.[1] To the extent Parr and Swenson rely on section 1927 to seek attorney fees from Gant, their motion is untimely for the reasons set forth above. *Cf. Obin*, 651 F.2d at 578 n.5 ("Nor do we see any reason to apply a different time limitation to claims for attorney's fees founded on the bad faith-exception to the American Rule.").

Finally, Parr and Swenson assert that Gant should be sanctioned under Local Rule 1.3 for failing to comply with Local Rule 83.7. In support, Parr and Swenson note that Marlene Fearing appealed pro se from the March 30 judgment and that Gant has "obviously" withdrawn without complying with Local Rule 83.7. The Court's review of the record reveals that Gant has not withdrawn from representing Plaintiffs before this Court. *See* D. Minn. LR 83.7. To the extent this Court has jurisdiction over the case, *see Hunter v. Underwood*, 362 F.3d 468, 475 (8th Cir. 2004) (explaining that filing of notice of appeal confers jurisdiction on court of appeals and divests district court of control over aspects of case involved in appeal), Gant remains Plaintiffs'

---

[1] Parr and Swenson remain free to submit a bill of costs in accordance with this District's practice.

counsel of record. Accordingly, the Court denies Parr and Swenson's motion insofar as they rely on Local Rules 1.3 and 83.7.

*Gant's motion*

In support of his motion for sanctions, Gant relies on Rule 11 of the Federal Rules of Civil Procedure and Local Rule 1.3. *Cf. Mullen v. Galati*, 843 F.2d 293, 294 (8th Cir. 1988) (per curiam) (affirming award of attorney fees under Rule 11 to defendants' attorneys). A motion for sanctions under Rule 11 "shall not be filed with or presented to the court unless, within 21 days after service of the motion ... the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." Fed. R. Civ. P. 11(c)(1)(A); *see Gordon v. Unifund CCR Partners*, 345 F.3d 1028, 1029-30 (8th Cir. 2003) (holding district court abused its discretion by granting motion for sanctions under Rule 11 where moving party failed to comply with Rule 11's procedural requirements). In this case, Gant filed his motion under Rule 11 without having served it on Parr, Swenson, and Kingstad at least twenty-one days before its presentation to the Court. The Court therefore denies Gant's motion for sanctions under Rule 11. *See Gordon*, 345 F.3d at 1029-30.

As to Local Rule 1.3, it provides that "[f]ailure to comply with a local rule may be sanctioned by any appropriate means to protect the parties and the interests of justice." D. Minn. LR 1.3. Gant does not identify what local rule Parr, Swenson, and Kingstad allegedly violated. As set forth above, Parr and Swenson's motion for attorney fees is untimely. The Court regards the appropriate response in this case to be the denial of their motion, not the imposition of sanctions. Accordingly, the Court denies Gant's motion insofar as he relies on Local Rule 1.3.

*Conclusion*

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Parr and Swenson's Motion for Sanctions and Attorney Fees [Docket No. 85] is DENIED.

2. Gant's Motion for Sanctions [Docket No. 93] is DENIED.

Dated: September 28, 2006

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge